UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LOIS M. ZURWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.1:05-cv-1475-DFH-WTL |
| | ) |
| COLGATE-PALMOLIVE COMPANY, | ) |
| and HILL'S PET NUTRITION, INC., | ) |
| | ) |
| Defendants. | ) |

ENTRY ON MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Plaintiff Lois M. Zurwell works for defendant Hill's Pet Nutrition, Inc., a manufacturer of pet food. Defendant Colgate-Palmolive is the parent company of Hill's. Zurwell filed this suit on October 5, 2005, alleging that defendants subjected her to unlawful discrimination based on her sex and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* Zurwell also alleges that defendants used medical leave she took pursuant to the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, to alter her employment conditions and retaliated against her for exercising and attempting to exercise her rights under the FMLA.

On December 6, 2005, defendants filed a Rule 12(c) motion for judgment on the pleadings on Count III of plaintiff's original complaint, arguing that her

allegations are time-barred and do not state a claim for violation of any substantive protections of the FMLA. Defendants also argued that, to the extent Zurwell asserted an FMLA retaliation claim in Count III, that claim was superfluous because it had been separately pled in Count IV of her complaint. In response to the motion, Zurwell filed a brief and later an amended complaint, on March 9, 2006. The court concludes that the amended complaint cured any deficiencies and that defendants' motion for partial judgment on the pleadings must be denied.

*Standard for Judgment on the Pleadings*

When a party moves for judgment on the pleadings under Rule 12(c), the standard is the same as for a motion to dismiss for failure to state a claim under Rule 12(b)(6). *R. J. Corman Derailment Services, LLC v. Int'l Union of Operating Engineers*, 335 F.3d 643, 647 (7th Cir. 2003). The court may consider only the pleadings and must view the allegations in the light most favorable to the non-moving party. *Id.* The motion may be granted only if it appears beyond any doubt that the plaintiff cannot prove any facts consistent with the complaint that would support a claim for relief. *Guise v. BWM Mortgage, LLC*, 377 F.3d 795, 798 (7th Cir. 2004).

*Discussion*

The substantive provisions of the FMLA entitle eligible employees to twelve work weeks of unpaid medical leave per year for qualifying conditions and reinstatement to the same or an equivalent position upon return from such leave. *Kauffman v. Federal Express Corp.,* 426 F.3d 880, 884 (7th Cir. 2005), citing 29 U.S.C. §§ 2612(a)(1), 2614(a). To protect these rights, the FMLA also makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" by the Act. See 29 U.S.C. § 2615(a)(1). The FMLA also makes it unlawful for an employer to discharge or otherwise discriminate against an individual for opposing a practice made unlawful by the FMLA or for participating in proceedings or inquiries under the FMLA. *Kauffman,* 426 F.3d at 884, citing 29 U.S.C. § 2615(a)(2) & (b). The Seventh Circuit has construed these last requirements as creating a cause of action for retaliation. *Kauffman,* 426 F.3d at 884.

Zurwell's amended complaint contains allegations relevant to both an entitlement claim and a retaliation claim under the FMLA. In their motion, the defendants argue that all of Zurwell's allegations relevant to her entitlement claim are time-barred. In general, a plaintiff must file a claim under the FMLA no later than two years after the employer's alleged violation. 29 U.S.C. § 2617(c)(1). This limitations period is extended to three years when the plaintiff alleges (and later proves) that the employer's violation was willful. 29 U.S.C. § 2617(c)(2).

Zurwell has amended Count III of her complaint to allege that defendants "wilfully used" FMLA leave against her with respect to certain employment actions. First Amended Cplt. ¶ 112. At least at the pleading stage, the relevant limitations period for her FMLA entitlement claim therefore extends back to October 5, 2002.

Zurwell has alleged facts sufficient to state an entitlement claim under the FMLA for events occurring after October 5, 2002. For example, in her amended complaint, she alleges that she took FMLA leave in both 2003 and 2004 and was denied a bonus as a result. See First Amended Cplt. ¶¶ 35, 70. The denial of a bonus because of FMLA absences may, in certain circumstances, constitute a violation of the FMLA's reinstatement provisions. See 29 C.F.R. § 825.215(c)(2) (employee returning from FMLA leave is entitled to non-performance bonuses and to same consideration for performance-based bonuses as employees who have taken other forms of paid or unpaid leave). At the pleadings stage, it is not possible to determine which type of bonus was involved.

*Conclusion*

Based on Zurwell's amended complaint, it does not appear beyond doubt that she can prove no set of facts to support an entitlement claim under the FMLA. Accordingly, defendants' Rule 12(c) motion for partial judgment on the pleadings as to Count III (Docket No. 12) is denied.

So ordered.

Date: June 29, 2006

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Ellen E. Boshkoff
BAKER & DANIELS
ellen.boshkoff@bakerd.com

Richard L. Darst
COHEN GARELICK & GLAZIER
rdarst@fed-law.com

Susan W. Kline
BAKER & DANIELS
swkline@bakerd.com

Joseph C. Pettygrove
BAKER & DANIELS
joseph.pettygrove@bakerd.com