UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LOIS M. ZURWELL,       ) | |
| ) | |
|   Plaintiff,       ) | |
| ) | |
|     vs.        ) | CAUSE NO.  1:05-cv-1475-DFH-WTL |
| ) | |
| COLGATE-PALMOLIVE COMPANY,  ) | |
| et al.,        ) | |
| ) | |
|   Defendants.      ) | |

### ENTRY ON MOTION FOR PROTECTIVE ORDER

This cause is before the Court on the motion for protective order filed by Defendants Colgate-Palmolive Company and Hill's Pet Nutrition, Inc. ("Hill's"). The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

At issue is the deposition of Shelly Culbertson, who is an hourly employee in the human resources department at Hill's. Ms. Culbertson's deposition originally was scheduled on Friday, September 22, 2006, and was to begin after the conclusion of the deposition of another Hill's employee, Lisa Schrader, which was to begin at 9:00 a.m. On September 19th, Defendants' counsel asked Plaintiff's counsel whether Ms. Culbertson's deposition could take place the morning of September 22nd instead of the afternoon, because Ms. Culbertson had plans to attend a family reunion that weekend and needed to leave town by 1:00 p.m. Plaintiff's counsel agreed to the schedule change.

Ms. Culbertson's deposition began at 9:16 a.m. on September 22nd and continued until 2:00 p.m., an hour after the time counsel previously had agreed it would end. At that point, Plaintiff's counsel had not concluded his questioning, but Defendants' counsel ended the deposition because of Ms. Culbertson's travel plans. Plaintiff now wishes to "finish" Ms.

Culbertson's deposition, arguing that she was entitled to depose her for seven hours pursuant to Federal Rule of Civil Procedure 30(d)(2). However, Plaintiff fails to acknowledge that Rule 30(d)(2) does not simply provide for a seven-hour deposition, but limits a deposition to "one day of seven hours" absent order of the court or agreement of the parties. There is no indication that the parties agreed that Ms. Culbertson's deposition would take place over more than one day; indeed, in light of the fact that Ms. Schrader's deposition was scheduled to take place on the same day, it seems clear that the parties did not expect Ms. Culbertson's deposition to take the entire day. That was a reasonable expectation, in light of Ms. Culbertson's position at Hill's (i.e. the fact that she is not a decisionmaker) and the fact that it appears she had only limited involvement with events that are relevant to this case.

In the absence of an agreement by the parties, the issue is whether there is anything that would justify the Court extending Ms. Culbertson's deposition to a second day. The Plaintiff argues that Defendants' counsel wasted time at the deposition with her objections; however, at least in the portion of the transcript that was provided to the Court, the objections are neither improper nor excessive and cannot be blamed for Plaintiff's counsel's failure to complete his questioning. The Plaintiff also argues that Ms. Culbertson took an extraordinary amount of time answering some questions, further taking up deposition time; however, the Court suspects that the extra hour that Ms. Culbertson stayed beyond the agreed upon time more than makes up for any extra time Ms. Culbertson may have taken in formulating her answers. Finally, in response to the Defendants' complaint that Plaintiff's counsel raised his voice at Ms. Culbertson during the deposition– something that Plaintiff does not deny–Plaintiff complains that Ms. Culbertson

wasted time "looking daggers" at the Plaintiff.[1] The Court suspects that "looking daggers" is in the eyes of the beholder, but imagines that Ms. Culbertson was not terribly happy by the end of a deposition that had lasted an hour longer than it was supposed to, delaying her travel plans, and during which Plaintiff's counsel had raised his voice at her. If her demeanor was less than cheerful at that point, that is understandable.

When Plaintiff's counsel agreed to end Ms. Culbertson's deposition at 1:00 p.m., he did not mention the possibility that she would need to return for a second day. Given Ms. Culbertson's role in the relevant events, it appears to the Court that Ms. Culbertson's deposition reasonably could have been completed in the time allotted, and it does not appear that the Plaintiff will be prejudiced in any significant way if the deposition is not extended. Accordingly, the Plaintiff has not demonstrated any reason why Ms. Culbertson now should be required to appear for further questioning. The motion for protective order is **GRANTED**.

SO ORDERED:   02/06/2007

_William T Lawrence_

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

---

[1] The Plaintiff states that the "attorney who signed the defendants' motion was not even present at the deposition, as shown by the transcript of the deposition," and later argues "[t]he defendants' attorney who was not present at the deposition argues that plaintiff's counsel raised his voice and was impatient with Ms. Culbertson, but plaintiff's counsel encouraged Ms. Culbertson to move the deposition along." In fact, the attorney who signed the motion on behalf of the Defendants was present at the deposition, and that fact is clearly noted on the deposition transcript. Further, the Plaintiff inexplicably spends time in her brief discussing entirely irrelevant issues related to the depositions of Christy Shannon-Gerlach and Terry Abner.

Copies to:

Ellen E. Boshkoff
BAKER & DANIELS
ellen.boshkoff@bakerd.com

Richard L. Darst
COHEN GARELICK & GLAZIER
rdarst@fed-law.com

Susan W. Kline
BAKER & DANIELS
swkline@bakerd.com

Joseph C. Pettygrove
BAKER & DANIELS
joseph.pettygrove@bakerd.com