UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **LOIS M. ZURWELL,** ) | |
| ) | |
|   Plaintiff, ) | |
| ) | |
|     vs. ) | CAUSE NO.  1:05-cv-1475-DFH-WTL |
| ) | |
| **COLGATE-PALMOLIVE COMPANY,** ) | |
| et al., ) | |
| ) | |
|   **Defendants.** ) | |

### ENTRY ON MOTIONS TO RECONSIDER

This cause is before the Magistrate Judge on two motions to reconsider filed by Plaintiff Lois Zurwell. The motions are fully briefed, and the Magistrate Judge, being duly advised, **DENIES** both motions for the reasons set forth below.

The Plaintiff first moves to reconsider the Magistrate Judge's order denying her motion for a sixty-day extension of time to complete discovery. Federal Rule of Civil Procedure 16(b) provides that case management deadlines are to be amended only for good cause. The Magistrate Judge has given the Plaintiff in this case a great deal of latitude in this regard; specifically, the Plaintiff already has been granted three sixty-day extensions of the discovery deadline in this case, which have necessitated corresponding extensions of the deadlines for dispositive motions and final exhibit and witness lists. At issue is the Plaintiff's fourth request for a sixty-day extension; it should have come as no surprise to Plaintiff that this request was one too many and was denied. The Plaintiff did not even attempt to demonstrate good cause for her failure to complete discovery during the sixteen months this case had been pending when she made her fourth request, and her motion to reconsider fares no better. There has been more than ample time to complete discovery in this case; therefore, the motion to reconsider is **DENIED**.

That said, the Plaintiff suggests in her reply brief that at the time of the discovery deadline the parties had an ongoing discovery dispute regarding documents that the Plaintiff believed the Defendant had not yet produced and that the Magistrate Judge's refusal to extend the discovery deadline somehow impacted the resolution of that dispute.  Obviously, that should not be the case; a party may not avoid producing timely-requested documents by simply stalling until the discovery deadline passes.  Further, while it is not appropriate to extend the general discovery period for another sixty days, to the extent that the Plaintiff wishes to conduct targeted follow-up discovery regarding documents that were produced very close to the discovery deadline or thereafter, the Plaintiff may so move.  However, any such motion shall:  (1)  be made promptly; (2) be very specific regarding the discovery the Plaintiff wishes to conduct; (3) set forth in detail why the discovery could not have been conducted prior to the deadline; (4) explain clearly and succinctly why the discovery is relevant to the issues in this case; and (5) be free from the recitation of irrelevant prior events and the rehashing of previously rejected arguments.  As is true in any case, if good cause is shown, then limited, targeted follow-up discovery will be permitted even though the discovery deadline has expired.

The only additional discovery that the Plaintiff identifies specifically in her first motion to reconsider is the continued deposition of Shelly Culbertson, which is the subject of her second motion to reconsider.  The Plaintiff  presents no new arguments that persuade the Magistrate Judge that the original ruling  granting the Defendant's motion for protective order and thereby denying Plaintiff additional time to depose Ms. Culbertson was erroneous.  The motion to reconsider therefore is **DENIED**.

SO ORDERED: 05/09/2007

*William T Lawrence*

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Ellen E. Boshkoff
BAKER & DANIELS
ellen.boshkoff@bakerd.com

Richard L. Darst
COHEN GARELICK & GLAZIER
rdarst@fed-law.com

Susan W. Kline
BAKER & DANIELS
swkline@bakerd.com

Joseph C. Pettygrove
BAKER & DANIELS
joseph.pettygrove@bakerd.com