**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **LOIS M. ZURWELL,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
|      vs. | )   **CAUSE NO.  1:05-cv-1475-DFH-WTL** |
| | ) |
| **COLGATE-PALMOLIVE COMPANY,** | ) |
| **et al.,** | ) |
| | ) |
|    **Defendants.** | ) |

### ENTRY ON MOTION FOR EXTENSION OF DISCOVERY

     This cause is before the Magistrate Judge for a third time to consider Plaintiff Lois Zurwell's request for a sixty-day extension of time to complete discovery.  Because some of the arguments in Zurwell's motion to reconsider the original order denying the requested extension were not specific, the Magistrate Judge invited Zurwell to make one more attempt to demonstrate that good cause existed for permitting additional discovery, stating:

> That said, the Plaintiff suggests in her reply brief that at the time of the discovery deadline the parties had an ongoing discovery dispute regarding documents that the Plaintiff believed the Defendant had not yet produced and that the Magistrate Judge's refusal to extend the discovery deadline somehow impacted the resolution of that dispute.  Obviously, that should not be the case; a party may not avoid producing timely-requested documents by simply stalling until the discovery deadline passes.  Further, while it is not appropriate to extend the general discovery period for another sixty days, to the extent that the Plaintiff wishes to conduct targeted follow-up discovery regarding documents that were produced very close to the discovery deadline or thereafter, the Plaintiff may so move.  However, any such motion shall:  (1) be made promptly; (2) be very specific regarding the discovery the Plaintiff wishes to conduct; (3) set forth in detail why the discovery could not have been conducted prior to the deadline; (4) explain clearly and succinctly why the discovery is relevant to the issues in this case; and (5) be free from the recitation of irrelevant prior events and the rehashing of previously rejected arguments.  As is true in any case, if good cause is shown, then limited, targeted follow-up discovery will be permitted even though the discovery deadline has expired.

The instant motion represent Zurwell's response to this invitation.  Zurwell states that she wishes to conduct the following additional discovery:

> The discovery relating to the defendants' late production of documents on December 5, 2006, January 16, 2007, January 18, 2007, January 31, 2007, and thereafter, the attorneys; [sic.] attempts to reach resolution on discovery disputes dated January 24, 2007 and January 26, 2007 and the motion to compel if resolution cannot be reached, the continued deposition of Shelly Culbertson, the depositions of Terry Abner, Tracie Tessier, and Will Jones, and the follow-up discovery from the documents not yet produced by the defendants, including all of the discovery requested from the defendant Colgate which has not yet been produced.

However, with one exception discussed below, Zurwell fails to demonstrate that good cause exists for any of this additional discovery.

First, Zurwell refers to documents that were produced by the Defendants late in the discovery period, but has failed to explain to the Court except in very general terms what the late-produced documents were and why those particular documents warrant an additional 60-days of discovery.  Essentially, Zurwell asks the Court to further delay resolution of this case so that she may conduct unspecified discovery regarding mostly undescribed documents that she believes are important to this case for reasons she does not explain.  This does not comply with the specific instructions given Zurwell regarding her burden of demonstrating good cause for the extension she seeks.

Next, Zurwell references the fact that counsel exchanged letters on January 24th and January 26th regarding certain discovery disputes, and suggest that she may need to file a motion to compel if resolution cannot be reached.  However, Zurwell does not explain why these discovery disputes were not resolved or brought to the Court's attention via a motion to compel prior to the discovery deadline; nor does she explain what disputes remain and why the

information she seeks is relevant and discoverable.  In other words, Zurwell has not provided the information that the Magistrate Judge's previous order instructed her to provide.  The same is true for the "documents not yet produced by the defendants, including all of the discovery requested from the defendant Colgate which has not yet been produced."  Zurwell gives no explanation for why she did not pursue this discovery during the ample discovery period in this case.  If Colgate has consistently refused to respond to discovery in this case, and Zurwell believes that refusal is improper, that is an issue that should have been briefed and resolved early in the discovery period.

Finally, Zurwell does specifically request that she be permitted to conduct several depositions.  The issue regarding Shelly Culbertson's deposition already has been addressed by the Magistrate Judge twice.  Zurwell also wishes to depose Terry Abner, Tracie Tessier, and Will Jones.  Although it is not entirely clear from the motion, it appears that Zurwell did timely notice Abner's deposition but the deposition did not go forward due to a scheduling dispute of some kind.  Accordingly, the Magistrate Judge will permit Zurwell to take Abner's deposition.  However, Zurwell gives no explanation why the depositions of Tessier and Jones were not taken prior to the discovery deadline, other than that they were "pushed back" for some undisclosed reason when Abner's deposition was not taken as scheduled.  Therefore, Zurwell has not demonstrated good cause for extending the discovery period to permit those two depositions.

For the reasons set forth above, Zurwell's motion to extend the discovery period is **DENIED**.  However, Zurwell is **GRANTED LEAVE** to depose Terry Abner.  This deposition shall be scheduled as soon as possible, and the Magistrate Judge expects counsel to cooperate in making themselves and Mr. Abner available.

SO ORDERED: 06/14/2007

_William T Lawrence_

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Ellen E. Boshkoff
BAKER & DANIELS
ellen.boshkoff@bakerd.com

Richard L. Darst
COHEN GARELICK & GLAZIER
rdarst@fed-law.com

Susan W. Kline
BAKER & DANIELS
swkline@bakerd.com

Joseph C. Pettygrove
BAKER & DANIELS
joseph.pettygrove@bakerd.com